IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANTHEL LAVAN BROWN, | Cause No. CV 20-75-M-DLC-KLD |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court state pro se prisoner Anthel LaVan Brown's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Brown's petition should be dismissed as an unauthorized second or successive petition.

## I.     28 U.S.C. § 2254 Petition

In 1976, following pleas of guilty to felony theft, sexual assault, robbery, aggravated assault, and deliberate homicide, in Montana's Eighteenth Judicial District, Brown was sentenced to the Montana State Prison for 190 years.

Brown filed his first federal habeas petition in 1980, alleging that his pleas

were involuntary.  Brown's petition was denied. See, *Brown v. Crist*, 492 F. Supp.

965 (D. Mont. 1980).  The Ninth Circuit affirmed the denial of Brown's habeas

petition.  *Brown v. Crist*, 654 F. 2d 728 (Table) (9th Cir. 1981).[1]

Brown then unsuccessfully sought to advance challenges to actions taken by

the Montana Board of Pardons and Parole and claimed various constitutional

violations.[2] More recently, Brown alleged the state district court erred by accepting

his guilty pleas because the court should have recognized his mental health issues.

That matter was dismissed as an unauthorized second or successive petition.

*Brown v. Guyer*, No. CV-19-09-H-DLC, Or. Dismissing Pet. (D. Mont. April 8,

2019).

In the instant petition, Brown alleges: (1) he received ineffective assistance

of counsel, (Doc. 1 at 4, ¶ 13(A)), see also, (Doc. 1-1 at 3-11); (2) Fourth

Amendment violations occurred in the underlying criminal proceedings, (Doc. 1 at

5, ¶ 13(B)), see also, (Doc. 1-1 at 11-16); (3) Fifth Amendment due process and

self-incrimination violations occurred during the criminal proceedings, (Doc. 1-1 at

---

[1] Brown's petition for writ of certiorari was likewise denied.  *Brown v. Crist*, 454 U.S. 1087, 102 S. Ct. 648 (Mem.) (1981).

[2] See e.g., *Brown v. Mahoney*, No. CV-04-66-H-DWM, Or. Den. Pet. (D. Mont. filed March 15, 2006), the Ninth Circuit affirmed denial of the petition on July 22, 2009, *Brown v. Mahoney*, No. 06-35318 (9th Cir. July 22, 2009); *Brown v. Mahoney*, No. CV-06-63-H-DWM, Or. (D. Mont. filed June 25, 2007), the Circuit also affirmed the denial of this petition, *Brown v. Mahoney*, No. 07-35646 (9th Cir. July 22, 2009); *Brown v. Kirkegard*, No. CV-15-11-M-DLC, Or. Dismissing Pet. (D. Mont. filed Feb. 9, 2015), the Circuit denied Brown's request for a certificate of appealability, *Brown v. Kirkegard*, No. 15-35318 (9th Cir. Dec. 17, 2015).

16-18); (4) he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment, *Id*. at 18-20; and, (5) his right to due process under the Fourteenth Amendment was violated. *Id*. at 1.  Brown asks this Court to either order his immediate release with no probation and/or parole, or, alternatively, grant him a new trial.  (Doc. 1 at 7, ¶ 17.)  Additionally, Brown seeks financial compensation for the time that he has served.  *Id*.

As Brown is aware, a habeas petition is second or successive if it raises claims that were or could have been adjudicated on the merits in an earlier § 2254 petition.  See, *Brown v. Guyer*, No. CV-19-09-H-DLC, Find. & Rec. at 2-3 (Jan. 15, 2019), citing *McNabb v. Yates*, 576 F. 3d 1028, 1029 (9th Cir. 2009).  Brown has been advised previously[3] that until he obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, pursuant to 28 U.S.C. § 2244(b), this Court has no jurisdiction to hear his claims.  *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam).  But Brown has neither sought nor received the appropriate authorization.  Accordingly, his petition should be dismissed.

## II.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254

---

[3] See e.g., *Brown v. Kirkegard*, No. CV-15-11-M-DLC, Or.at 2. (D. Mont. Feb. 9, 2015); *Brown v. Guyer*, No. CV-19-09-H-DLC, Or. at 2-3 (D. Mont. April 8, 2019).

Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C.. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Mr. Brown's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2.  The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Brown may object to this Findings and Recommendation within 14

days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Brown must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 10th day of June, 2020.

*/s/ Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge

5