IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

ANTHEL LAVAN BROWN,

Petitioner,

vs.

LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,

Respondents.

CV 20–75–M–DLC

ORDER

Before the Court is the Findings and Recommendations of Magistrate Judge Kathleen L. DeSoto, entered on June 10, 2020. (Doc. 3.) Judge DeSoto recommends dismissing Petitioner Anthel LaVan Brown's Petition for Writ of Habeas Corpus as second or successive and denying a certificate of appealability. (*Id.*) On June 15, 2020, Brown requested an extension of time to file his objection, which the Court granted. (Docs. 4, 5.) On July 15, 2020, Brown filed a document styled as a Motion for Appointment of Counsel and for a Certificate of Appealability. (Doc. 6.) As the deadline to object has now run (*see* Doc. 5), and Brown has made no other filings, the Court construes the Motion for Appointment of Counsel and for a Certificate of Appealability as his objection to the Findings and Recommendations.

Brown is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). Absent objection, the Court reviews for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## BACKGROUND

In 1976, Brown pleaded guilty to felony theft, deliberate homicide, sexual intercourse without consent, robbery, and aggravated assault. (Doc. 1 at 2–3.) *See also Matter of Brown*, 605 P.2d 185, 186 (Mont. 1980). The trial court in Gallatin County accepted his plea and immediately sentenced him to the Montana State Prison for 190 years. (*Id.* at 3.)

Since then, Brown has filed two federal habeas petitions attacking his conviction.[1] In the first, he challenged the validity of his pleas. *Brown v. Crist*, 492 F. Supp. 965 (D. Mont. July 7, 1980). Judge Russell Smith denied the petition, *id.* at 970, and the Ninth Circuit affirmed, *Brown v. Crist*, 654 F.2d 728

1 As Judge DeSoto notes, Brown has also filed several habeas petitions challenging the administrative decisions of the Montana Board of Pardons and Parole. (Doc. 3 at 2 n.2.)

(Table) (9th Cir. 1981). In the second, Brown contended that the state trial court erred by accepting his pleas, because it should have recognized—and protected Brown from—his mental illness. *Brown v. Guyer*, No. CV-19-09-H-DLC, Pet. (D. Mont. Jan. 14, 2019). This Court denied the petition, explaining that 28 U.S.C. § 2244(b)(2)(B)(ii) barred its jurisdiction to review his second or successive plea for habeas relief. *Brown v. Guyer*, No. CV-19-09-H-DLC, Or. Dismissing Pet. (D. Mont. Apr. 8, 2019).

## Discussion

A petition is second or successive "if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). The Antiterrorism and Effective Death Penalty Act requires that successive habeas petitions be dismissed unless they fall within an exception outlined in 28 U.S.C. § 2244(b)(2). *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Still, even if a petitioner can demonstrate that he qualifies for an exception, "he must seek authorization from the court of appeals before filing his new petition with the district court." *Id.* (citing 28 U.S.C. § 2244(b)(3)).

Brown's instant application for habeas relief alleges five constitutional claims. (*See* Doc. 1-1 at 1 (alleging Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment violations).) Nothing in the record indicates that Brown has sought

leave from the Ninth Circuit to file his successive petition. Indeed, in his objection to Judge DeSoto's Findings and Recommendations, Brown simply rehashes his factual arguments, but fails to address—or even acknowledge—the jurisdictional bar against successive habeas petitions like this one. (Doc. 6.) Ignore the issue as he may, this Court simply has no jurisdiction to hear his claims unless and until the Ninth Circuit so authorizes. Therefore, reviewing de novo, the Court agrees with Judge DeSoto that Brown's petition should be dismissed.

Additionally, the Court agrees that a certificate of appealability should be denied. Brown fails to "sho[w] that reasonable jurists could debate whether . . . [his] petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 332, 336 (2003) (citation and internal quotation marks omitted). A clear answer exists to the jurisdictional question presented here—as it did in Brown's previous petition before this Court: without the Ninth Circuit's authorization, the Court is without power to hear further § 2254 claims as they relate to Brown's 1976 conviction.

**ORDER**

For the foregoing reasons, IT IS ORDERED that the Court ADOPTS the Findings and Recommendations (Doc. 3) IN FULL. Consequently, IT IS

ORDERED that Brown's Petition (Doc. 1) is DISMISSED for lack of jurisdiction. The Clerk shall enter, by separate document, a judgment of dismissal. IT IS FURTHER ORDERED that a certificate of appealability is DENIED. Finally, IT IS ORDERED that all pending motions, including the Motion to Appoint Counsel (Doc. 6), are DENIED AS MOOT.

DATED this 7th day of August, 2020.

Dana L. Christensen, District Judge
United States District Court